**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN 1 6 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| PAUL A. FRAME and SEITEL, INC., | § § § | H-03-1980 |
| Defendants. | § § | |

# FINAL JUDGMENT OF PERMANENT INJUNCTION
## AGAINST DEFENDANT SEITEL, INC.

Plaintiff Securities and Exchange Commission, having filed its Complaint in this matter, and defendant Seitel, Inc., through its Consent to Entry of Permanent Injunction ("Consent"), having waived service of the Complaint pursuant to Rule 4(d) of the Federal Rules of Civil Procedure; having waived the filing of an Answer; having admitted the jurisdiction of this Court; having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; having consented, without admitting or denying any of the allegations in the Commission's Complaint, except as to jurisdiction as set forth above, to entry without further notice of this Final Judgment enjoining it from engaging in transactions, acts, practices and courses of business which constitute and would constitute violations of, or aiding and abetting violations of, Sections 13(a), 13(b)(2) and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 12b-20, 13a-13 and 14a-9 promulgated thereunder; and it further appearing that this Court has jurisdiction over defendant and over the subject matter of this action and that no further notice of hearing for the entry of this Final Judgment need be given; and the Court being fully advised in the premises:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant Seitel, Inc., its officers, agents, servants and employees, and all persons acting in concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from directly or indirectly violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 12b-20 promulgated thereunder [17 C.F.R. 240.13a-1 and 240.12b-20] by:

   a. filing with the SEC any annual report, required to be filed with the SEC pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

   b. failing to add such further material information to any quarterly report filed with the Commission, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

2. Defendant Seitel, Inc., its officers, agents, servants and employees, and all persons acting in concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from directly or indirectly violating Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by failing to:

a. make and keep accurate books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of Defendant Seitel, Inc.'s assets; or

b. devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

3. Defendant Seitel, Inc., its officers, agents, servants and employees, and all persons acting in concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from directly or indirectly violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. 240.14a-9] by:

a. soliciting or permitting the use of its name to solicit, in contravention of rules and regulations Plaintiff has prescribed or may prescribe as necessary or appropriate in the public interest or for the protection of investors, any proxy

or consent or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of the Exchange Act; or

    b.    making solicitation by means of any proxy statement, form of proxy, notice of meeting or other communication subject to Rule 14a-9 promulgated under Section 14(a) of the Exchange Act [17 C.F.R. 240.14a-9] which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

4.    This Court shall retain jurisdiction of this action to implement and enforce the terms and conditions of this Final Judgment.

5.    This Final Judgment may be served upon defendant in person or by mail by the United States marshal, by the Court's Clerk or by any member of the Commission's staff.

6.    There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith.

DATED and SIGNED this 13TH day of June, 2003.

*[signature]*
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM and ENTRY REQUESTED:

---

Marshall M. Gandy
Attorney-in-Charge
  Texas Bar No. 07616500
David L. Peavler
  Texas Bar No. 00784738
  S.D.I.D. No. 22455
SECURITIES AND EXCHANGE COMMISSION
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102
Telephone:   (817) 978-3821
Facsimile:   (817) 978-2700

ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION


*/s/ Anne M. Rodgers*
Anne M. Rodgers
Attorney-in-Charge
  Texas Bar No. 17133025
  S.D.I.D. No. 12576
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246

ATTORNEYS FOR DEFENDANT SEITEL, INC.