IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
MAY 1 1 2006
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | Civil Action No.: H03-CV-1980 |
| vs. | § § | |
| PAUL A. FRAME | § § | |
| and | § § | |
| SEITEL, INC., | § § | |
| Defendants. | § § | |

## AGREED FINAL JUDGMENT AS TO DEFENDANT PAUL A. FRAME

The Securities and Exchange Commission having filed a *Complaint* and Defendant Paul A. Frame ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this *Agreed Final Judgment* without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this *Agreed Final Judgment*:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Final Judgment* by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the

"Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Final Judgment* by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

AGREED FINAL JUDGMENT AS TO      PAGE 2
DEFENDANT PAUL A. FRAME
*SEC vs. Paul A. Frame, et al.*

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Final Judgment* by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b)(5)] and Rules 13b2-1 and 13b2-2 thereunder [17 C.F.R. §§240.13b2-1, and 240.13b2-2] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account required to be kept by a registrant under Section 13(b)(2) of the Exchange Act.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Final Judgment* by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. §240.14a-9] by knowingly soliciting proxies through communications that are false or misleading with respect to material facts, and which omit to state material facts necessary to make the statements therein not false or misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this *Agreed Final Judgment* by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a) and 13(b)(2) of the Exchange Act [15 U.S.C. §§78m(a), 78m(b)(2) and 78n(a)] and Rules 12b-20 and 13a-1 thereunder [17 C.F.R. §§240.12b-20 and 240.13a-1] by causing a company to make or keep books, records and accounts that fail to accurately and fairly describe the company's transactions and disposition of assets.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], Defendant is prohibited and permanently enjoined from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's criminal conviction for false statement to the Securities and Exchange Commission, mail fraud, wire fraud and money laundering, and the restitution ordered by the *Judgment and Commitment* therein, the Court is not ordering Defendant to

AGREED FINAL JUDGMENT AS TO
DEFENDANT PAUL A. FRAME
*SEC vs. Paul A. Frame, et al.*

PAGE 4

pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon in the amount of $854,664 is waived.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the *Consent* is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this *Agreed Final Judgment*.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this *Agreed Final Judgment* forthwith and without further notice.

Dated: __May 10__, 2006

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

AGREED FINAL JUDGMENT AS TO
DEFENDANT PAUL A. FRAME
*SEC vs. Paul A. Frame, et al.*

PAGE 5

APPROVED AS TO FORM and ENTRY REQUESTED:


_s/  Marshall Gandy_
MARSHALL GANDY
Texas Bar No. 07616500
ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION

Fort Worth District Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6882
Telephone: (817) 978-6464
Facsimile: (817) 978-4927
Email: gandym@sec.gov


_s/  Dan Krocker_
DAN KROCKER
Texas Bar No. 11728300
ATTORNEY FOR THE DEFENDANT
PAUL A. FRAME

710 North Post Oak Road
Suite 400
Houston, Texas 77024
Telephone: (713) 683-0397
Facsimile: (713) 683-0398
Email: dkrocker55@aol.com

AGREED FINAL JUDGMENT AS TO
DEFENDANT PAUL A. FRAME
*SEC vs. Paul A. Frame, et al.*

PAGE 6